# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3145
_____

United States of America

*Plaintiff - Appellee*

v.

Travis Gordon Jones, also known as Fernando, also known as Travie McFly

*Defendant - Appellant*

_____

No. 22-1681
_____

United States of America

*Plaintiff - Appellee*

v.

Travis Gordon Jones, also known as Fernando, also known as Travie McFly

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 24, 2022
Filed: June 1, 2022
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Travis Jones pleaded guilty to a drug-conspiracy crime and received a sentence of 420 months in prison, the latter of which is covered by an appeal waiver. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, 860(a). In an *Anders* brief, Jones's counsel questions the validity of the waiver, his competency to participate in the proceedings, and the calculation of the sentence itself. *See Anders v. California*, 386 U.S. 738 (1967). In a pair of pro se filings, Jones raises other issues.

Upon careful review, we conclude that the waiver is enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if, among other things, the defendant knowingly and voluntarily entered into the waiver and the plea agreement). We further conclude that Jones waived his right to challenge the competency determination after failing to do so before the district court.[1] *See United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014) (noting that a criminal defendant "waive[s] his right to appeal [a] nondispositive issue" when he "fail[s] to file objections with the district court").

---

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

-2-

Case 2:19-cr-01037-CJW-MAR    Document 128    Filed 06/01/22    Page 2 of 3
Appellate Case: 21-3145    Page: 2    Date Filed: 06/01/2022 Entry ID: 5163013

Jones's pro se arguments fare no better. The district court did not abuse its "sound discretion" when it denied his motion to compel the production of documents, *United States v. Olivares*, 843 F.3d 752, 757 (8th Cir. 2016) (citation omitted); and his ineffective-assistance-of-counsel claim will have to await collateral review, *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826–27 (8th Cir. 2006) (explaining that this type of claim is "usually best litigated in collateral proceedings").

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). Accordingly, we dismiss Jones's direct appeal, deny the pending pro se motion as moot, grant counsel permission to withdraw, and otherwise affirm.

_____

Case 2:19-cr-01037-CJW-MAR    Document 128    Filed 06/01/22    Page 3 of 3
Appellate Case: 21-3145    Page: 3    Date Filed: 06/01/2022 Entry ID: 5163013