# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS GORDON JONES,<br><br>Defendant. | No. 19-CR-1037-CJW-MAR<br><br>**ORDER** |

_____

Defendant's pro se motion for compassionate release (Doc. 132) is before the Court. In his motion, defendant raises his health, alleged erroneous and disproportionate sentence, and his efforts toward rehabilitation as grounds for relief. (*Id.*, at 15, 17, 30). For the following reasons, the Court **denies** defendant's motion.

## I.     BACKGROUND

Defendant pled guilty to conspiracy to distribute controlled substances near a protected location resulting in death. (Doc. 64, at 1). The offense conduct involved the defendant distributing fentanyl and other drugs to various people, including three people who died from use of the drugs. (*Id.*, at 5-13). Under the United States Sentencing Guidelines ("Guidelines" or "USSG"), defendant's base offense level was 39 because of the overdoses. (*Id.*, at 14). Defendant also qualified as a career offender, but his offense level under that provision would have been lower than the 39 based on the distribution resulting in death. (*Id.*, at 17). After a three-level reduction for acceptance of responsibility, defendant's total offense level was 36. (*Id.*). Defendant's prior convictions would have placed him in criminal history category V, but he fell under criminal history category VI because of his career offender status. (*Id.*, at 25). Given

1

that base offense level and criminal history category, the advisory Guidelines range was 324 to 405 months. (*Id.*, at 39).

At the sentencing hearing, however, the Court found that the base offense level was 40, not 39, based on an offense level of 38 for distribution of drugs resulting in death, plus a two-level enhancement for distribution of drugs within a protected location. (Doc. 117, at 21-22). After a three-level reduction for acceptance of responsibility, defendant's total offense level was 37. (*Id.*, at 22). That made defendant's advisory Guidelines range 360 months to life in prison. (*Id.*).

Regardless, the parties reached a sentencing agreement in the case that the Court impose a sentence between 327 to 420 months. (Doc. 117, at 23). The Court was not bound by that sentencing agreement, but nevertheless agreed to sentence defendant within that range. (*Id.*). And it did so: the Court sentenced defendant to 420 months. (Doc. 106).

Defendant pled guilty under the terms of a plea agreement in which he waived his right to appeal. (Doc. 57). For that reason, the Eighth Circuit Court of Appeals denied his appeal when he tried to appeal his sentence. (Doc. 128).

## II.    COMPASSIONATE RELEASE STANDARD

A court's ability to modify a sentence after it has been imposed is limited. Title 18, United States Code, Section 3582(c)(1)(A) allows a court to modify a sentence through "compassionate release." Under this provision, an inmate may directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in Title 18, United States Code, Section 3553(a) to the

extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020) (holding that a district court need not discuss each Section 3553(a) factor individually, but only be aware of those factors that are relevant).

The starting point in determining what constitutes "extraordinary and compelling reasons" under Section 3582(c)(1)(A)(i) is the USSG section discussing compassionate release. *See* USSG §1B1.13; *see also United States v. Rivernider*, Case No. 3:10-cr-222(RNC), 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019). USSG Section 1B1.13 provides extraordinary and compelling reasons may exist under six circumstances: (1) the medical circumstances of the offender; (2) the age of the offender; (3) family circumstances of the offender; (4) the offender has been the victim of physical or sexual abuse while incarcerated; (5) "other reasons" that are "similar in gravity to those described" in the first four reasons; and (6) the offender has served at least 10 years in prison and received an "unusually long sentence" that would be different today due to changes in the law.

## III.    DISCUSSION

### A.    Exhaustion

Before an offender can seek relief in federal court, the offender must first request compassionate release from the warden of the facility where the offender is housed. Defendant has asserted that he sought compassionate release from the warden of his facility and 30 days has passed without action. (Doc. 132, at 14). Thus, he asserts he has exhausted his administrative remedies. Defendant did not, however, attach any documentation to his motion showing that, in fact, he first sought relief from the warden of his facility. Nevertheless, the Court will assume for purposes of ruling on this motion defendant has exhausted his administrative remedies and will proceed to the merits of defendant's motion.

### B.     Merits

Defendant argues the Court should reduce his sentence because of: (1) his health; (2) changes in the law; and (3) his efforts toward rehabilitation.  (Doc. 132, at 15–35). The Court will address those grounds, and the factors under Title 18, United States Code, Section 3553(a) separately.

### 1.     *Defendant's Health and Medical Care*

Defendant argues the Court should grant him compassionate release because he has been diagnosed with schizophrenia and major depressive disorder.  (*Id.*, at 15). Defendant asks the Court to reduce his sentence to time served so he can obtain appropriate medical and psychiatric care.  (*Id.*, at 17).

The medical records defendant attached in support of his motion fail to show that defendant is suffering a severe condition that is beyond the ability of the BOP to address, or that is impacting his ability to care for himself in prison.  Indeed, the most recent record reflects that defendant reported "doing well and has no complaints."  (Doc. 132, at 39).  He denied having suicidal ideations or thoughts of self-harm.  (*Id.*, at 40).  The records show the BOP is appropriately monitoring and treating defendant's mental health. Nothing in the record supports a need to release defendant from prison.  Thus, the Court denies defendant's motion on this ground.

### 2.     *Changes in the Law*

Defendant asserts the Court erroneously found he was a career offender because the elements of his Iowa drug trafficking convictions are different from federal drug trafficking convictions.  (Doc. 132, at 17-26).  Defendant also argues that the Court should reduce defendant's sentence to avoid unwarranted sentencing disparities, citing the First Step Act and cases from other courts articulating broad sentencing principles. (*Id.*, at 26-30).

4

As to whether the Court properly sentenced defendant as a career offender, a motion for compassionate release is not the means for challenging that determination. Defendant could have appealed his sentence, but he waived his right to appeal. (Doc. 57). He could also raise this issue in a post-conviction petition. Motions for compassionate release are not substitutes for direct appeal or post-conviction litigation and cannot be used to evade the limitations of those avenues of relief. *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) (holding that a defendant's argument that he was improperly deemed a career offender under the Sentencing Guidelines was a challenge to his sentence and should be treated as a Section 2255 motion to vacate, set aside, or correct sentence rather than a compassionate release motion). Regardless, the Court sentenced defendant within the range that he agreed to with the government; he cannot now complain that the Court sentenced him within that range.

As for defendant's assertion that his sentence is disparate to other offenders, his argument is merely conclusory. He has not established that his sentence is different from other offenders convicted of similar offenses with similar backgrounds. Indeed, defendant would be hard-pressed to find another federal offender responsible for killing three people with his drugs who received a lower sentence than him.

The Court denies defendant's motion on this ground.

### 3. *Rehabilitation Efforts*

Defendant argues that his "remarkable" efforts toward rehabilitation merit compassionate release. (Doc. 132, at 30-32). "[R]ehabilitation . . . is not, by itself, an extraordinary and compelling reason" justifying compassionate release. *See* USSG §1B1.13(d); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Because defendant has not established any other legitimate ground for compassionate release, the Court cannot base compassionate release on rehabilitation efforts, no matter how laudatory they may be.

Thus, the Court denies defendant's motion on this ground.

### 4. Section 3553(a)

Guideline Section 1B1.13(a)(2) provides compassionate release is appropriate only when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" Additionally, Section 3582(c)(1)(A) requires a court to consider the factors set forth in Section 3553(a) before granting compassionate release. Section 3553(a) requires the Court to consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from future crimes of the defendant, and provide rehabilitative opportunities and care to the defendant; (3) the kinds of sentences available; (4) the sentencing range as set by the USSG; (5) any pertinent policy statement by the Commission; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and (7) the need for restitution to any victims.

Here, the Court would deny compassionate release, even if defendant had extraordinary and compelling reasons for compassionate release. Defendant's offense conduct is highly aggravating. He killed three people with his drugs. Moreover, his criminal history shows that he has spent his adult life dealing drugs. Defendant has not been deterred by past terms of incarceration. The only thing that will protect the public from defendant preying on the addictions of others to make an easy buck is for him to remain behind bars for a substantial period of time.

6

## IV. CONCLUSION

For these reasons, defendant's motion for compassionate release (Doc. 132) is **denied**.

**IT IS SO ORDERED** this 27th day of February, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

7