TRAVIS GORDON JONES
REG. NO. 18171-029
FCI JESUP
FEDERAL CORR. INSTITUTION
2680 301 SOUTH
JESUP, GA 31599

May 13, 2026

RECEIVED

MAY 19 2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Mr. Paul De Young
Clerk of Court
U.S. District Court
Northern District of Iowa
Eastern - Dubuque Division
111 Seventh Avenue SE
Cedar Rapids, IA 52401-2101

      RE:   *Jones v. United States*
           Crim No. 2:19-cr-01037-CJW-MAR-1

Dear Mr. De Young:

Enclosed please find and accept for filing Defendant's Motion for Reconsideration of Order Denying Compassionate Release. Please submit this motion to the Court.

Thank you for your assistance in this matter.

                        Sincerely,

                        *Travis Gordon Jones*
                        TRAVIS GORDON JONES
                        Appearing *Pro Se*

*Encl. as noted*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TRAVIS GORDON JONES,

        Defendant.

No. 19-CR-1037-CJW-MAR

**MOTION FOR RECONSIDERATION OF ORDER DENYING COMPASSIONATE RELEASE**

---

COMES NOW Defendant, Travis Gordon Jones ("Mr. Jones"), appearing *pro se*, and respectfully moves this Court to reconsider its Order denying his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). This Motion is filed to correct clear errors of law and fact reflected in the Court's Order and, in the alternative, to preserve those errors for appellate review before the United States Court of Appeals for the Eighth Circuit.

The Court's denial rests on a series of legal conclusions that, respectfully, do not reflect the governing framework for compassionate release as it exists today. In particular, the Court analyzed each of Mr. Jones's arguments in isolation, declined to consider the cumulative effect of his circumstances, and adopted an unduly narrow view of its authority to consider changes in law and sentencing disparity. The Order further relies on a predominantly backward-looking application of the § 3553(a) factors and a limited reading of the medical evidence presented. Each of these determinations warrants reconsideration.

The Court's Order does not merely reject Mr. Jones's arguments; it applies a restrictive legal framework that limits the scope of compassionate release in a manner inconsistent with 18 U.S.C. § 3582(c)(1)(A), the Sentencing Commission's amended policy statement, and governing Supreme

Court precedent. As a result, the Court's analysis reflects legal error rather than a discretionary weighing of facts, making reconsideration appropriate and preserving these issues for appellate review.

## I.    STANDARD FOR RECONSIDERATION

A motion for reconsideration is appropriate where the Court has committed a clear error of law or fact or where reconsideration is necessary to prevent manifest injustice. The Eighth Circuit has recognized that reconsideration is warranted when a court misapplies governing law or fails to consider material facts that bear directly on the outcome. See *United States v. Young*, 806 F.3d 593, 597 (8th Cir. 2015); *United States v. Brown*, 528 F.3d 1030, 1032 (8th Cir. 2008).

While such motions are not intended to relitigate issues previously decided, they are appropriate where, as here, the Court's analysis reflects a restrictive interpretation of its authority or an incomplete consideration of the record.

## II.    THE COURT FAILED TO CONSIDER THE TOTALITY OF EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

In denying relief, the Court addressed Mr. Jones's medical condition, legal arguments, and rehabilitative efforts separately and concluded that none, standing alone, constituted extraordinary and compelling reasons. In doing so, the Court applied an analytical framework that is inconsistent with the manner in which compassionate release is intended to operate.

The statute does not require that a single factor independently satisfy the standard. Rather, courts are tasked with evaluating whether the combination of circumstances rises to the level of extraordinary and compelling. This holistic approach is consistent with longstanding sentencing principles recognized by the Supreme Court, which require courts to consider the fullest possible

2

picture of a defendant's circumstances. See *Pepper v. United States*, 562 U.S. 476, 487–88 (2011).

The Sentencing Commission's amended policy statement similarly reflects that courts may consider a broad range of factors in combination. By isolating each factor and rejecting them individually, the Court failed to consider whether the aggregate circumstances warranted relief. This constitutes a clear error in the application of the governing framework.

By evaluating each factor in isolation and rejecting them individually, the Court effectively required that a single circumstance independently satisfy the "extraordinary and compelling" standard. That is not the law. The proper inquiry is whether the combined effect of all relevant circumstances justifies relief. The failure to conduct that analysis constitutes a misapplication of the governing legal framework.

## III. THE COURT MISAPPLIED ITS AUTHORITY TO CONSIDER CHANGES IN LAW

The Court concluded that Mr. Jones's challenge to his career offender designation must be raised under 28 U.S.C. § 2255 and could not be considered in the context of compassionate release. That conclusion reflects an unduly narrow interpretation of the Court's authority under § 3582(c)(1)(A).

The Court's conclusion that such arguments may only be raised under § 2255 imposes a categorical limitation that does not appear in the statute. Section 3582(c)(1)(A) contains no such restriction, and the Supreme Court has repeatedly emphasized that sentencing courts possess broad discretion to consider a wide range of information. See *Concepcion v. United States*, 597 U.S. 481, 488 (2022). By refusing to consider this factor at all, the Court did not exercise discretion—it declined to exercise it.

3

This is particularly significant in the compassionate release context, where Congress intentionally provided a mechanism for courts to reassess sentences in light of evolving legal and factual circumstances.

The compassionate release statute grants courts broad discretion to determine what constitutes extraordinary and compelling reasons, subject only to limited statutory constraints. In recent years, courts have increasingly recognized that changes in sentencing law and resulting disparities may be relevant to that analysis, even where those changes are not retroactive.

The scope of that authority is currently under active consideration by the United States Supreme Court in *Fernandez v. United States*, as well as the consolidated cases of *Rutherford v. United States* and *Carter v. United States*. Those cases address whether non-retroactive changes in law and sentencing disparities may be considered as part of the compassionate release analysis.

In light of these developments, the Court's categorical exclusion of Mr. Jones's sentencing arguments reflects a restrictive approach that is, at minimum, unsettled. Reconsideration is warranted to ensure that the Court's analysis reflects the full scope of its discretion under current and developing law.

## IV. THE COURT'S ANALYSIS UNDER 18 U.S.C. § 3553(a) WAS LEGALLY INCOMPLETE

The Court's denial places substantial weight on the seriousness of Mr. Jones's offense conduct, emphasizing the tragic consequences of the underlying crime. While the gravity of the offense is unquestionably relevant, the governing law requires more than a retrospective assessment.

The Supreme Court has made clear that sentencing determinations must account for post-sentencing developments and present-day circumstances. See *Pepper*, 562 U.S. at 492. The

4

Eighth Circuit likewise recognizes that the § 3553(a) analysis in the compassionate release context must consider whether continued incarceration remains necessary in light of current conditions. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020).

Here, the Court's analysis is largely confined to the original offense conduct and does not meaningfully address Mr. Jones's present circumstances, including his mental health condition, his efforts at rehabilitation, and his current risk profile. By focusing primarily on past conduct, the Court did not fully engage in the forward-looking inquiry required by § 3553(a).

A § 3553(a) analysis that rests primarily on the original offense conduct, without meaningful consideration of present circumstances, risks converting compassionate release into a purely retrospective inquiry. That approach is inconsistent with the forward-looking nature of § 3582(c)(1)(A) and constitutes an abuse of discretion under controlling precedent.

## V.    THE COURT MISAPPREHENDED THE MEDICAL EVIDENCE

The Court concluded that Mr. Jones's mental health condition did not rise to the level of an extraordinary and compelling reason, noting that he was receiving treatment and was "doing well." However, the record reflects a far more serious and complex condition, including documented diagnoses of schizophrenia, ongoing hallucinations, and episodes of suicidal ideation.

These facts are directly relevant to both the compassionate release analysis and the § 3553(a) factors. A court's reliance on a limited or incomplete reading of the record constitutes clear error warranting reconsideration. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

## VI.   RECONSIDERATION IS NECESSARY TO PRESERVE ISSUES FOR APPELLATE REVIEW

The issues presented in this case involve evolving areas of law and questions that are currently under review by the Supreme Court. In these circumstances, reconsideration is necessary not only to correct potential errors but also to ensure that the record accurately reflects the Court's

5

reasoning.

Alternatively, Mr. Jones respectfully requests that the Court clarify its analysis to facilitate meaningful appellate review. A clear articulation of the Court's reasoning will assist the Court of Appeals in addressing the legal questions presented.

## VII.    CONCLUSION

For the above and foregoing reasons, Mr. Jones respectfully requests that this Court reconsider its Order denying compassionate release and conduct a renewed analysis under the correct legal framework. In the alternative, Mr. Jones requests that the Court clarify its reasoning to ensure that the issues presented may be properly reviewed on appeal.

Mr. Jones respectfully submits that these issues involve legal questions that are currently evolving and, in some instances, under review by the United States Supreme Court. Reconsideration or clarification will ensure that the record accurately reflects the Court's reasoning and allows for meaningful appellate review. At a minimum, reconsideration or clarification is necessary to ensure that the Court's decision reflects a complete exercise of its discretion under § 3582(c)(1)(A), thereby permitting meaningful appellate review.

Respectfully submitted,

Dated: May 13, 2026

*Travis Gordon Jones*
TRAVIS GORDON JONES
REG. NO. 18171-029
FCI JESUP
FEDERAL CORR. INSTITUTION
2680 301 SOUTH
JESUP, GA 31599
Appearing *Pro Se*

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 13 2026, a true and correct copy of the above and foregoing Motion for Reconsideration of Order Denying Compassionate Release was sent via First Class U.S. Mail, postage prepaid, to Dan Chatham, Assistant U.S. Attorney at U.S. Attorney's Office, 111 7th Avenue SE, Box 1, Cedar Rapids, IA 52401.

*Travis Gordon Jones*
TRAVIS GORDON JONES

7

Travis Jones / 8171029
Federal Correctional Institution
2680 Highway 301 South
Jesup, Georgia 31599



**Retail**



UNITED STATES
POSTAL SERVICE®

52401

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
JESUP, GA 31546
MAY 15, 2026

**$0.18**

S2324H501893-07

5.15.26
EVB

XRAYED US MARSHALS SERVICE

Mr. Paul De Young
Clerk of Court
U.S. District Court
Northern District of Iowa
Eastern - Dubuque Division
111 Seventh Avenue SE
Cedar Rapids IA 52401-2101

9589 0710 5270 2958 7863 09

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 2958 7863 09